IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-F-08-00338-LJO |
| Plaintiff/Respondent, | **ORDER ON PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 74) |
| vs. | |
| DANIEL SALINAS, | |
| Defendant/Petitioner. | |

## INTRODUCTION

Petitioner Daniel Salinas ("petitioner") is a federal prisoner and proceeds pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). He asserts a jurisdictional argument and several ineffective assistance of counsel claims. He also requests the Court to take judicial notice of the fact that he intends to file a motion for leave to amend to file additional claims. This Court construes petitioner's request for judicial notice as a motion for leave to amend. Having considered petitioner's arguments, this Court DENIES petitioner's section 2255 motion, GRANTS petitioner's motion for leave to amend, and DENIES the additional claims on their merits.

## BACKGROUND

### Indictment

From April of 2004 to September of 2008, petitioner robbed nine banks and attempted to rob a tenth. During each of the robberies he carried a handgun. Petitioner stole a total of $190,307 during the

1

heists. All of the deposits were federally insured.

On September 25, 2008, petitioner was indicted for nine counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d); one count of attempted armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d); and ten counts of carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). On September 26, 2008, petitioner was arraigned by a magistrate judge. Defense counsel acknowledged receipt of the indictment in open court and petitioner pled not guilty.

### Guilty Plea

In October of 2008, the government offered to dismiss all counts from the indictment except for two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and two counts of carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1), in exchange for petitioner's guilty plea. Petitioner chose not to accept the offer and the parties prepared for trial. After terminating two court-appointed attorneys, attempting to terminate a third, and filing a pro se motion to suppress, which the court ultimately denied, petitioner decided to accept the government's initial offer. Petitioner accepted the offer on April 29, 2010, the day the jurors were summoned and waiting for voir dire. Due to the timing of petitioner's acceptance, the parties were unable to prepare and enter into a written plea agreement prior to the hearing. Accordingly, the parties agreed that petitioner would plead guilty to the indictment, waive the right to bring a motion to withdraw the plea, and waive any right to bring an appeal or collateral attack and the government would dismiss all counts of the indictment except for two counts of armed robbery and two counts of carrying a firearm during a crime of violence. The parties also agreed to memorialize the agreement in writing after the hearing.

The Court took a recess to give defense counsel the opportunity to advise petitioner regarding the proceedings. During the recess, defense counsel informed petitioner that he would plead guilty to all charged counts. The government would dismiss eight of the bank robberies and eight of the firearm counts but had discretion to pick which robberies would be dismissed. Defense counsel also advised petitioner that he would be required to waive his right to appeal and waive his right to bring a collateral attack including the right to bring an ineffective assistance of counsel claim.

Before accepting petitioner's guilty plea, the Court advised petitioner that he had the right to be represented by an attorney at every stage of his case and that he had the right to appointed counsel. The

Court also advised petitioner that he had the right to a jury trial and the right to be represented by an attorney at trial. The Court further informed petitioner of his rights to confrontation, *i.e.*, his right to be present in court at every proceeding in his case, the right to be present at the jury trial and to face the jury, the right to challenge the government's evidence, and the right to cross examination. The Court also explained that petitioner had no duty to present evidence or prove anything at trial but if he had witnesses that he wished to call who were unwilling to attend the trial, the Court would issue subpoenas to order the witnesses to attend. The Court also advised petitioner of the privilege against self-incrimination.

**Plea Agreement**

On July 12, 2010, the parties filed a written plea agreement with the Court memorializing their oral agreement. In the agreement, petitioner waived any contention that his counsel was ineffective. He also waived his right to appeal and to bring a collateral attack. The government agreed to move to dismiss Counts 1-10 and 13-18 of the indictment. In the agreement, petitioner acknowledged understanding that by pleading guilty he waived the following constitutional rights:

> (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to confront and cross-examine witnesses against him; and (e) not to be compelled to incriminate himself.

**Sentencing**

On October 25, 2010, petitioner was sentenced to 34+ years imprisonment. Counts 1-10 and 13-18 of the indictment were dismissed by motion of the government. The amended judgment was entered on November 2, 2010. Petitioner did not file a direct appeal.

**Section 2255 Motion**

On November 3, 2011, petitioner filed the instant section 2255 motion. Appearing pro se, petitioner contends that the district court lacked subject matter jurisdiction because his crimes occurred on land that was under the exclusive jurisdiction of the State of California. He also asserts three ineffective assistance of counsel claims. He maintains that he received ineffective assistance of counsel when counsel: (1) failed to investigate that the district court lacked jurisdiction over his case; (2) failed to investigate whether 12 grand jurors concurred in the returning of the indictment; and (3) failed to inform him that he had the right to testify in his own defense before advising him to enter into the plea

agreement. Petitioner requests that this Court vacate his conviction and sentence or in the alternative grant his request for an evidentiary hearing. Petitioner also requests the Court to take judicial notice of the fact that he intends to file a motion for leave to amend in order to raise two additional ineffective assistance of counsel claims. This Court construes petitioner's request for judicial notice as a motion for leave to amend.

Having considered petitioner's arguments and the relevant law, this Court issues this order.

## DISCUSSION

### I. Collateral Attack Waiver

In his plea agreement, petitioner agreed to waive the right to bring a collateral attack, including a section 2255 motion. Petitioner also agreed to waive the right to bring an ineffective assistance of counsel claim. A knowing and voluntary waiver of the right to collateral review in a negotiated plea agreement is enforceable in federal court. *See United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (upholding waiver of right to collateral review). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000). In determining whether a waiver was knowingly and voluntarily made, courts consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with [Fed. R. Crim. P. 11]." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000).

The facts and circumstances surrounding the signing and entry of the plea agreement and the express language of the waiver show that the waiver was knowingly and voluntarily made. At the plea hearing, the Court reminded petitioner that as part of his agreement with the government he promised to waive his right to appeal or file a collateral attack. (Docket #59, p. 33-34). Petitioner acknowledged understanding the waiver. (Docket #59, p. 33-34). Petitioner also confirmed that he was not pleading guilty due to threats or pressure or based on any promises outside of the plea agreement. (Docket #59, p. 39). The Court also confirmed that petitioner understood what was going on throughout the proceeding.

The express language of the waiver also shows that the waiver was knowingly and voluntarily made. In the signed plea agreement, petitioner agreed to "give[] up any right . . . to bring a post-

4

conviction attack on his convictions or sentence. He specifically agree[d] not to file a motion under 28 U.S.C. § 2255 . . . attacking his convictions or sentence." (Docket #60, p. 11). Petitioner also acknowledged that he understood the terms of the agreement and voluntarily agreed with it. (Docket #60, p. 13). He stated that no promises or inducements were made to him other than those memorialized in the plea agreement. (Docket #60, p. 12, 13). Petitioner further acknowledged that no one threatened or forced him to plead guilty. (Docket #60, p. 13). The record establishes that petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence.

Although petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence, the issues raised in his section 2255 motion are not barred by the waiver. Petitioner contends that the Court lacked subject matter jurisdiction and asserts several ineffective assistance of counsel claims. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002). Likewise, petitioner did not waive his right to bring an ineffective assistance of counsel claim because an appeal or collateral attack waiver cannot bar ineffective assistance of counsel claims associated with the negotiation of a plea agreement. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) ("a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver."). *See also United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (doubting whether "a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"). Accordingly, this Court addresses petitioner's jurisdictional and ineffective assistance of counsel claims.

**II. Subject Matter Jurisdiction**

Petitioner contends that the district court lacked subject matter jurisdiction because his crimes of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1), occurred on land that was under the exclusive jurisdiction of the State of California. He requests that this Court vacate his conviction and sentence and delete any documentation of the charges from the Court's records. In the alternative, he requests an

5

evidentiary hearing. This Court denies petitioner's requests.

In *United States v. Harris*, 108 F.3d 1107 (9th Cir. 1997), the Ninth Circuit was faced with a similar argument in an appeal from the denial of a section 2255 motion. The petitioner pled guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). *Harris*, 108 F.3d at 1108. Petitioner argued that the State of Washington and not the federal government had jurisdiction to convict him and that the statutes under which he was convicted are unconstitutional because they have no nexus to interstate commerce. *Id*. at 1108. The Ninth Circuit held that the district court had jurisdiction over the bank robbery offense because federal courts have jurisdiction over bank robbery offenses where the bank was a federally insured institution and petitioner robbed a federally insured bank. *Id*. at 1108-09. With regard to petitioner's commerce clause argument, the Court acknowledged that 18 U.S.C. § 924(c)(1) does not exceed Congress's authority under the Commerce Clause. *Id*. at 1109 (citing *United States v. Staples*, 85 F.3d 461, 462-63 (9th Cir.), cert. denied, 519 U.S. 938, 117 S. Ct. 318, 136 L. Ed. 2d 233 (1996)).

Here, petitioner pled guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). At the plea hearing and in the plea agreement, petitioner admitted that the deposits of the banks were federally insured. (Docket #59, p.41-55; Docket #60, Ex. A p. 1-4). Accordingly, the Court had subject matter jurisdiction over petitioner's bank robbery offenses. *See Harris*, 108 F.3d at 1108 ("Federal courts have jurisdiction over a bank robbery offense where the bank was a federally insured institution.").

Petitioner also pled guilty to carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). District courts have original jurisdiction of all offenses against the laws of the United States. *See* 18 U.S.C. § 3231. The Constitution delegates to Congress the power to regulate activities that substantially affect interstate commerce. *See* Art. I, § 8, cl. 3, *United States v. Lopez*, 514 U.S. 549, 558-59, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995) (internal citations omitted). The Ninth Circuit has held that 18 U.S.C. § 924(c) affects interstate commerce. *United States v. Staples*, 85 F.3d 461, 463 (9th Cir. 1996) overruled on other grounds by *Muscarello v. United States*, 524 U.S. 125, 118 S. Ct. 1911, 141 L.Ed.2d 111 (1998). Accordingly, the district court had subject matter jurisdiction over petitioner's firearm offenses under the Commerce Clause. *Id*.

6

Because the Court had subject matter jurisdiction over petitioner's offenses, this Court DENIES petitioner's request to vacate his conviction and sentence and his request for an evidentiary hearing with regard to this issue.

### III. Ineffective Assistance of Counsel

Petitioner alleges three ineffective assistance of counsel claims. He contends that he received ineffective assistance of counsel when counsel: (1) failed to investigate that the district court lacked jurisdiction over his case; (2) failed to investigate whether 12 grand jurors concurred in the returning of the indictment; and (3) failed to inform him that he had the right to testify in his own defense before advising him to enter into the plea agreement. Petitioner asserts that if counsel had not committed these errors, he would not have pled guilty and would have insisted on going to trial. Petitioner requests that this Court vacate his conviction and sentence or in the alternative grant his request for an evidentiary hearing.

**A. Ineffective Assistance of Counsel Legal Standards**

To demonstrate ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In order to establish deficient performance, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. This requires petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. There is a strong presumption that counsel's performance fell within the "wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065).

The second factor petitioner must establish is prejudice. *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2066. Prejudice analysis must not only focus on outcome determination but also on the question of whether or not "the result of the proceeding was fundamentally unfair or unreliable." *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S.

1  Ct. 838, 842, 122 L. Ed. 2d 180 (1993)).  In the guilty-plea context, the prejudice requirement "focuses
2  on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."
3  *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).  In other words, petitioner
4  "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded
5  guilty and would have insisted on going to trial."  *Id*.  "A court need not determine whether counsel's
6  performance was deficient before examining the prejudice suffered by the [petitioner] as a result of the
7  alleged deficiencies."  *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.  With these principles in mind, this
8  Court discusses petitioner's arguments.

### 1. Failure to Investigate Jurisdiction

10      Petitioner contends that he received ineffective assistance of counsel when counsel failed to
11  investigate that the district court lacked subject matter and territorial jurisdiction over his case before
12  advising him to enter into the plea agreement.  Petitioner asserts that this error rendered his guilty plea
13  unknowing and involuntary.  Petitioner has failed to show that his "counsel's representation fell below
14  an objective standard of reasonableness."  *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064.  A
15  reasonable attorney would know that the Court had subject matter jurisdiction over petitioner's offenses.
16  As discussed above, Petitioner robbed several banks, the deposits of which were federally insured, *see*
17  *Harris*, 108 F.3d at 1108 ("Federal courts have jurisdiction over a bank robbery offense where the bank
18  was a federally insured institution"), and his firearm's offense had a substantial effect on interstate
19  commerce, *see Staples*, 85 F.3d at 463 (holding that 18 U.S.C. § 924(c) affects interstate commerce).
20  Accordingly, the Court had subject matter jurisdiction over petitioner's offenses.  Thus, there was nothing
21  for counsel to investigate.  Petitioner has failed to show that his "counsel's representation fell below an
22  objective standard of reasonableness."  *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064.

### 2. Failure to Investigate Grand Jury Vote

24      Petitioner argues that he received ineffective assistance of counsel when his counsel failed to
25  investigate whether or not 12 grand jurors concurred in the returning of the indictment before advising
26  petitioner to enter into the plea agreement.  Petitioner alleges that had counsel examined the court's
27  records, counsel would have learned that the court's records fail to show that 12 grand jurors concurred
28  in the returning of the indictment.  Petitioner maintains that had he known that no evidence existed of him

1 being indicted by 12 grand jurors he would not have pled guilty or entered into the plea agreement.

2       Petitioner has failed to show that his "counsel's representation fell below an objective standard
3 of reasonableness," *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064, because a reasonable attorney
4 would not have moved for disclosure of the grand jury vote.

> A grand jury may indict only if at least 12 jurors concur. The grand jury- or its foreperson or deputy foreperson- must return the indictment to a magistrate judge in open court. If a complaint . . . is pending against the defendant and 12 jurors do not concur in the indictment, the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge.

9 Fed. R. Crim. P. 6(f).  On September 26, 2008, petitioner was arraigned before a magistrate judge.
10 (Docket #10).  The minutes of the proceeding provide that defense counsel acknowledged receipt of the
11 indictment at the hearing.  Accordingly, the indictment was returned to a magistrate judge in open court.
12 *See United States v. Daychild*, 357 F.3d 1082, 1098-99 (9th Cir. 2004) (holding that the district court did
13 not abuse its discretion when it took judicial notice of grand jury minutes to ascertain whether the
14 indictment was properly returned).  In addition, there was no reason for defense counsel to think that
15 fewer than 12 jurors concurred in the filing of the indictment because the foreperson did not report a lack
16 of concurrence to the magistrate judge as required by Fed. R. Crim. P. 6(f).

17       Petitioner alleges that had counsel examined the court's records, counsel would have learned that
18 the court's records fail to show that 12 grand jurors concurred in the returning of his indictment.  A
19 reasonable attorney would not have moved for disclosure of the juror vote.  The grand jury foreperson
20 records the number of jurors concurring in every indictment and files the record with the clerk, the record
21 may not be made public unless the court so orders. Fed. R. Crim. P. 6(c), *United States v. Marshall*, 526
22 F.3d 1349, 1359 (9th Cir. 1975).  Discovery of grand jury records "may not be ordered unless the
23 defendant demonstrates with particularity the existence of a compelling need that is sufficient to outweigh
24 the policy of grand jury secrecy." *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987); *see also*
25 *United States v. Navarro-Vargas*, 408 F.3d 1184, 1200 (9th Cir. 2005) (en banc) ("The grand jury's
26 discretion- its independence- lies in two important characteristics: the absolute secrecy surrounding its
27 deliberations and vote and the unreviewability of its decisions.").  There is nothing in the record to
28 indicate a compelling need for disclosure of the vote that is sufficient to outweigh the policy of grand jury

secrecy. *See DeTar*, 832 F.2d at 1113 (upholding the denial of a request for the disclosure of grand jury records because the request was supported by "nothing but baseless speculation"), *cf. United States v. Fischbach and Moore, Inc.*, 776 F.2d 839, 845 (9th Cir. 1985) (recognizing that "[t]he need to impeach testimony or refresh recollection at trial can establish a particularized need for disclosure of grand jury transcripts."). Accordingly, a reasonable attorney would not have moved for disclosure of the juror vote. Thus, petitioner has failed to show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064.

### 3. Failure to Advise Regarding Right to Testify

Petitioner contends that he received ineffective assistance of counsel when counsel failed to inform him that he had the right to testify in his own defense before advising him to enter into the plea agreement. Petitioner maintains that had counsel advised him of his right to testify he would have insisted on going to trial instead of pleading guilty.

"A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the [petitioner] as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice in the guilty-plea context, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370.

Petitioner alleges that counsel failed to inform him that he had the right to testify in his own defense before advising him to enter into the plea agreement. Even if counsel failed to advise petitioner regarding his right to testify, petitioner is unable to show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial because petitioner received sufficient advisements at the plea hearing and in his signed plea agreement.

At the plea hearing the district court advised petitioner as follows:

> You have confrontational rights which include the right to be present in open court at every proceeding in your case, the right to be present at the jury trial, *to face the jury*, to challenge the Government's evidence, which will consist of the testimony of witnesses under oath and exhibits received into evidence, the further right to question every government witness under oath after the U.S. Attorney questions first. That's called the right of cross-examination. You have no duty to present evidence or prove anything at the trial. However, if you had witnesses that you wish to call in your defense who are unwilling to attend the trial, at your request, the Court would issue subpoenas to order your witnesses

to attend the trial.

(Docket #59, p. 58-59) (emphasis added).

Likewise, in the signed plea agreement petitioner acknowledged understanding that by pleading guilty he waived his right:

> (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to confront and cross-examine witnesses against him; and (e) not to be compelled to incriminate himself.

(Docket #60, p. 10-11). Assuming petitioner was never explicitly advised of his right to testify by his counsel he was advised of his right to proceed to trial and to defend himself by the Court and in the plea agreement. Despite these advisements, petitioner chose to enter into the plea agreement and to plead guilty. Accordingly, petitioner has failed to establish that there is a reasonable probability that, but for counsel's alleged failure to advise him of his right to testify in his own defense, he would have proceeded to trial. *See Hill*, 474 U.S. at 59, 106 S. Ct. at 370. Because petitioner has failed to establish ineffective assistance of counsel, this Court DENIES petitioner's request to vacate his conviction and sentence and his request for an evidentiary hearing with regard to this issue.

## IV. Motion for Leave to Amend Pursuant to Fed. R. Civ. P. 15(a)

At the end of petitioner's section 2255 motion, he requests the Court to take judicial notice of the fact that he intends to file a motion for leave to amend, pursuant to Fed. R. Civ. P. 15(d), in order to raise two additional ineffective assistance of counsel claims. This Court construes petitioner's request for judicial notice as a motion for leave to amend, pursuant to Fed. R. Civ. P. 15(a).[1] A habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Fed. R. Civ. P. 81(a)(4) (the federal rules of civil procedure "apply to proceedings for habeas corpus").

---

[1] Amendments to pleadings are governed by Fed. R. Civ. P. 15(a). Fed. R. Civ. P. 15(d) pertains to supplemental pleadings, it permits "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1982) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed."). Both claims petitioner seeks to raise relate to events that occurred prior to the filing of petitioner's section 2255 motion. Accordingly, Fed. R. Civ. P. 15(d) does not apply. Thus, this Court construes petitioner's request under Fed. R. Civ. P. 15(a).

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading by leave of the court, and such leave should be freely given when justice so requires. This rule is interpreted liberally to favor amendments. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Accordingly, this Court GRANTS petitioner's motion for leave to amend and NOW addresses the additional claims on their merits pursuant to the acceptance of the amendment. The Court needs no response to the amendment for its ruling.

**V. Additional Ineffective Assistance Claims**

Petitioner contends that he received ineffective assistance of counsel when counsel: (1) failed to advise him of his right to self representation before advising him to enter into the plea agreement and (2) advised him to enter into the plea agreement without first having his competency evaluated. Each claim will be discussed in turn.

    **A. Failure to Advise Regarding Right to Self Representation**

Petitioner argues that he received ineffective assistance of counsel when counsel failed to advise him of his right to self representation before advising him to enter into the plea agreement. As discussed above, in order to demonstrate ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In order to establish prejudice in the guilty plea context, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. Even if counsel failed to advise petitioner regarding his right to self representation before advising him to enter into the plea agreement and even if counsel's failure to advise petitioner constitutes deficient performance, petitioner is unable to show a "reasonable probability that but for counsel's errors, he would not have pleaded guilty." *Id*. At the plea hearing and in the signed plea agreement, petitioner was advised of his right to a jury trial and his right to counsel. (Docket #59, p. 57; Docket #60, p. 10-11). Despite this advisement, petitioner chose to plead guilty. Because petitioner chose to plead guilty knowing that he could proceed to trial with the assistance of counsel, it seems unlikely that petitioner would have pled not guilty and proceeded to trial with the knowledge that he could represent himself. Moreover, it seems unlikely that petitioner was unaware of his right to self representation because prior to pleading guilty petitioner filed a pro se motion to suppress (Docket #51) which the government responded to and the court ruled on (Docket # 57). Accordingly, petitioner has

failed to establish a "reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370.

### B. Failed to Have Competency Evaluated

Petitioner contends that he received ineffective assistance of counsel when counsel failed to have his competency evaluated before advising him to enter into the plea agreement. "Trial counsel has a duty to investigate a defendant's mental state if there is evidence to suggest that the defendant is impaired." *Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir. 2003); *see e.g.*, *Lambright v. Stewart*, 241 F.3d 1201, 1206-08 (9th Cir. 2001) (ordering an evidentiary hearing with regard to petitioner's contention that counsel should have investigated his psychiatric condition given counsel's knowledge that petitioner had been previously hospitalized in a mental facility, suffered from hallucinations, and had attempted suicide); *Seidel v. Merkle*, 146 F.3d 750, 756 (9th Cir. 1998) (holding that counsel had a duty to investigate defendant's mental state given the "abundant signs in the record that [defendant] suffered from mental illness").

A reasonable attorney would not have investigated petitioner's mental state prior to advising him to enter into the plea agreement because there was no evidence to suggest that petitioner was impaired. There is nothing in the record that indicates that petitioner's behavior was irrational or that petitioner and counsel were having difficulty communicating. At the change of plea hearing, petitioner stated under oath that he had never been treated for a mental illness. (Docket #59, p. 20). Also at the change of plea hearing, both counsel and petitioner stated under oath that they did not have any difficulty communicating or understanding one another. (Docket #59, p. 20-21). Thus, the record indicates that counsel had no reason to think that petitioner was impaired at the time he pled guilty.

Following petitioner's plea, members of petitioner's family reported to counsel that there was a history of mental illness in his family and that he had demonstrated symptoms of mental disturbance, including hearing voices, during periods of his adult life. Upon receipt of this information, counsel requested a continuance in order to have petitioner evaluated by a psychiatrist. (Docket #61). A psychological evaluation was performed however, at sentencing defense counsel explained that there was nothing from the evaluation that he wanted to provide to the court. Although counsel became aware of a possible mental health issue after petitioner entered his guilty plea because there is no evidence to

13

suggest that petitioner was impaired at the time he pled guilty, counsel did not have a duty to investigate petitioner's mental state prior to advising petitioner to enter into the plea agreement. Accordingly, petitioner has failed to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88.

For the reasons set forth above, this Court DENIES the additional ineffective assistance of counsel claims asserted in petitioner's motion to amend.

**VI. Certificate of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a section 2255 proceeding unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 1603 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42, 123 S. Ct. 1029, 1042 (2003). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal quotation marks and brackets omitted) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds that the issues are not debatable among jurists of reason. *See Lambright*, 220 F.3d at 1024-25. Accordingly, a certificate of appealability is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1.    DENIES petitioner's section 2255 motion to vacate, set aside, or correct sentence;

2.    DENIES petitioner's request for an evidentiary hearing;

3.    GRANTED petitioner's request for leave to amend, pursuant to Fed. R. Civ. P. 15(a), , accepted the amendment now, and ruled on it herein;

4. DENIES the additional ineffective assistance of counsel claims asserted;

5. DENIES petitioner a COA; and

6. DIRECTS the clerk of the court to close Case No. CV-F-11-1844-LJO.

IT IS SO ORDERED.

Dated:   **December 9, 2011**                                    **/s/ Lawrence J. O'Neill**
                                                                 UNITED STATES DISTRICT JUDGE