IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:08-CR-00338-LJO |
| Respondent, | **ORDER ON MOTION TO VACATE** (Doc. 86) |
| vs. | |
| DANIEL SALINAS, | |
| Petitioner. | |

## INTRODUCTION

Pro se petitioner Daniel Salinas ("petitioner") is a federal prisoner. He requests this Court to vacate its order dismissing his motion for reconsideration of this Court's order denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court VACATES its order dismissing petitioner's motion for reconsideration and DISMISSES petitioner's motion for reconsideration for the reasons set forth below.

## BACKGROUND

On December 9, 2011, this Court denied petitioner's section 2255 motion and a certificate of appealability ("COA"). (Doc. 78). On January 25, 2012, petitioner signed a motion for reconsideration in which he requested reconsideration of the Court's denial of his section 2255 motion. (Doc. 82). The motion was received by the Court on February 16, 2012. (Doc. 82). On January 31, 2012, petitioner signed a notice of appeal, in which he appealed the denial of his section 2255 motion and COA. (Doc.

1  79). The notice of appeal was received by the Court on February 7, 2012. (Doc. 79).

2        On February 28, 2012, this Court dismissed petitioner's motion for reconsideration for lack of
3  jurisdiction. (Doc. 83). Relying on the dates the Court received petitioner's motion and notice of
4  appeal, rather than the dates the documents were signed, the Court determined that the notice of appeal
5  was filed prior to the motion and dismissed for lack of jurisdiction. (Doc. 83). On May 8, 2012,
6  petitioner filed the instant motion to vacate the Court's order dismissing his motion for reconsideration.
7  (Doc. 86).

## DISCUSSION

9        Petitioner requests the Court to vacate its reconsideration order. He contends that pursuant to
10 the prison mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266 (1988), he filed his motion for
11 reconsideration on January 25, 2012 and his notice of appeal on January 31, 2012. Thus, his motion for
12 reconsideration was pending when he filed his notice of appeal and the Court did not lack jurisdiction
13 to consider his motion.

14       Under the prison mailbox rule "a legal document is deemed filed on the date a petitioner delivers
15 it to the prison authorities for filing by mail." *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002) (citing
16 *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). This rule is premised on concerns surrounding the pro
17 se prisoner's lack of control over delays that occur between the time the document is received by prison
18 authorities and the time it is formally filed by the court. *Houston*, 487 U.S. at 273-76. The Ninth Circuit
19 has stated that the filing date can be as early as when the prisoner signed the document. *Jenkins v.*
20 *Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), *overruled on other grounds by Pace v. DiGuglielmo*,
21 544 U.S. 408 (2005). Accordingly, many courts deem the day on which the document was signed as the
22 day the document was delivered to prison authorities. *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1058
23 n.1 (C.D. Cal. 2001); *Brown v. Warden,* 2011 WL 2559428, *1 (E.D. Cal. 2011) (recognizing that when
24 the date petitioner turned his filings over to prison officials is unclear, courts have utilized the signature
25 date on the filing as the relevant date); *Outley v. James*, 2008 WL 4183901, *1 (E.D. Cal. 2008)
26 (assuming prisoner's Fed. R. Civ. P. 59 motion was delivered to prison officials on the date it was
27 signed).

28       Petitioner's motion for reconsideration was signed on January 25, 2012 and file stamped by the

1 Court on February 16, 2012. (Doc. 82). Petitioner's notice of appeal was signed on January 31, 2012
2 and file stamped by the Court on February 7, 2012. (Doc. 79). Petitioner explains that his motion for
3 reconsideration reached the Court after his notice of appeal because he mailed the motion to the wrong
4 address. The motion was eventually returned to petitioner and he resent it to the correct address.
5 Assuming the mailbox rule applies, despite the fact petitioner mailed his motion to the wrong address,
6 petitioner's motion for reconsideration was filed before his notice of appeal. Thus, this Court did not
7 lack jurisdiction to consider petitioner's motion for reconsideration for the reasons set forth in its prior
8 order. Accordingly, this Court VACATES its order dismissing petitioner's motion for reconsideration.
9 (Doc. 83).

10 Considering petitioner's motion for reconsideration anew, this Court still lacks jurisdiction to
11 consider the merits of the motion. As a general rule, "[o]nce a notice of appeal is filed, the district court
12 is divested of jurisdiction over the matters being appealed." *Natural Res. Def. Council, Inc. v. Southwest*
13 *Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). A notice of appeal does not divest the district court
14 of jurisdiction however, if at the time the notice of appeal was filed there "was then a pending motion
15 for reconsideration." *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001)
16 (citing Fed. R. App. P. 4(a)(4)(B)(i)). A motion for reconsideration under Fed. R. Civ. P. 60 is
17 "pending" and thus, suspends the effect of a notice of appeal when the motion is filed "no later than 28
18 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi); *see also Lal v. California*, 610 F.3d
19 518, 523-24 (9th Cir. 2010); *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002).

20 Here, the order denying petitioner's section 2255 motion was entered on December 9, 2011.
21 (Doc. 78). Petitioner filed a Fed. R. Civ. P. 60(b) motion for reconsideration on January 25, 2012. (Doc.
22 82). Thus, petitioner's motion for reconsideration was filed forty-seven days after the order was entered
23 on his section 2255 motion. This exceeds the twenty-eight day time limit articulated in Fed. R. App. P.
24 4(a)(4)(A)(vi). Therefore, petitioner's motion for reconsideration did not suspend the effect of the notice
25 of appeal and this Court lacks jurisdiction to consider the merits of petitioner's motion for

reconsideration. Accordingly, this Court DISMISSES petitioner's motion for reconsideration.[1]

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. VACATES its order dismissing petitioner's motion for reconsideration (Doc. 83) and

2. DISMISSES petitioner's motion for reconsideration.

No further filings will be accepted in this closed case.

IT IS SO ORDERED.

Dated:   May 15, 2012                      /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

---

[1] To the extent petitioner's motion for reconsideration can be construed as a request for this Court to consider the merits of the motion during the pendency of the appeal, this Court does not wish to entertain the motion. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) ("To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case.").