IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SALINAS, | CASE NO. 1:08-cr-00338-LJO |
| Movant, | **ORDER ON 28 U.S.C. § 2241 HABEAS PETITION CONSTRUED AS SUCCESSIVE 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | (Doc. 88) |

## I. INTRODUCTION

Daniel Salinas ("Mr. Salinas") is a prisoner in federal custody proceeding pro se. Now before the Court is his 28 U.S.C. § 2241 habeas petition. For the reasons discussed below, this Court CONSTRUES the petition as a successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence and DISMISSES the motion.

## II. BACKGROUND

Mr. Salinas pled guilty to two counts of armed bank robbery and two counts of carrying a firearm during a crime of violence. (Doc. 71). He was sentenced to 411-months imprisonment. (Doc. 71). After sentencing, Mr. Salinas filed a timely § 2255 motion in which he raised a jurisdictional argument and five ineffective assistance of counsel claims. (Doc. 74). This Court denied Mr. Salinas' motion as well as a certificate of appealability ("COA"). (Doc. 78). Mr. Salinas challenged this Court's decision by filing a motion for reconsideration and notice of appeal within days of one another. (Docs. 82, 79).

1  This Court dismissed the motion for reconsideration for lack of jurisdiction. (Doc. 87). The appeal is
2  still pending.
3       Approximately eight months after the dismissal of Mr. Salinas' motion for reconsideration,
4  while incarcerated in the Northern District of Florida, Mr. Salinas filed the instant § 2241 petition in the
5  Central District of California. (Doc. 88). In the petition, Mr. Salinas raises jurisdictional arguments,
6  ineffective assistance of counsel claims, and challenges the government's standing. (*Id*.). A Magistrate
7  Judge in the Central District of California found that the "petition is, without a doubt, a challenge to the
8  conviction obtained in and the sentence imposed" by the District Court in the Eastern District of
9  California and transferred the action to this Court. (Doc. 88-1). The Magistrate Judge further
10 determined that regardless of whether the petition was construed as a § 2255 motion or a § 2241 petition
11 it lacked jurisdiction to consider the filing because Mr. Salinas was not convicted nor is he incarcerated
12 in the Central District of California. (*Id*.).

13                          **III. DISCUSSION**

14       "A federal prisoner who seeks to challenge the legality of confinement must generally rely on
15 a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). "Restrictions on the
16 availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. §2241." *Stephens*
17 *v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). However, "a federal prisoner may file a habeas petition
18 under § 2241 if the remedy provided by § 2255 is 'inadequate or ineffective to test the legality of his
19 detention.'" *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting 28 U.S.C. §
20 2255(e)). "This is called the 'savings clause' or 'escape hatch' of § 2255." *Id*. "A prisoner may file a
21 § 2241 petition under the escape hatch when the prisoner (1) makes a claim of actual innocence, and (2)
22 has not had an unobstructed procedural shot at presenting that claim." *Marrero*, 682 F.3d at 1192
23 (internal quotation marks omitted).
24       Mr. Salinas attempts to utilize the escape hatch of § 2255 by arguing that the remedy provided
25 by § 2255 is an inadequate and ineffective vehicle for relief. (Doc. 88, p. 15). Mr. Salinas' attempt to
26 utilize the escape hatch is unsuccessful because he fails to make a showing of actual innocence. "To
27 establish actual innocence . . . a petitioner must demonstrate that, in light of all the evidence, it is more
28 likely than not that no reasonable juror would have convicted him." *Alaimalo*, 645 F.3d at 1047 (internal

quotation marks omitted). "Actual innocence means factual innocence, not mere legal insufficiency." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012) (internal quotation marks omitted). "A petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo*, 645 F.3d at 1047.

Mr. Salinas' argument that most resembles an actual innocence claim is his argument that the banks were not federally insured. (Doc. 88, p. 25). Mr. Salinas pled guilty to two counts of armed bank robbery and two counts of carrying a firearm during a crime of violence. (Doc. 71). The armed bank robbery statute requires the deposits of the bank to be insured by the Federal Deposit Insurance Corporation ("FDIC"). *See* 18 U.S.C. § 2113(f). Mr. Salinas presents a letter from the FDIC which provides that it covers deposits in the event of a bank failure but does not cover losses incurred as a result of theft or robbery. (Doc. 88, p. 8). Mr. Salinas uses this language to argue that the banks were not federally insured. (Doc. 88, p. 25). The fact that the FDIC does not cover losses incurred as a result of theft or robbery does not show that the banks were not federally insured. Moreover, Mr. Salinas admitted in his plea agreement and during the plea hearing that the bank deposits were federally insured. (Doc. 59, p. 41-55; Doc. 60, p. 3). Accordingly, Mr. Salinas has failed to make a showing of actual innocence and thus, fails to meet the escape hatch criteria of § 2255.

Mr. Salinas' § 2241 petition is clearly a disguised § 2255 motion. Mr. Salinas does not qualify for the escape hatch criteria of § 2255 and his claims challenge the legality of his conviction. *See Marrero*, 682 F.3d at 1192 ("A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so."). Thus, this Court construes Mr. Salinas' petition as a § 2255 motion.

This is Mr. Salinas' second § 2255 motion. (Docs. 74, 88). Before this Court can consider a second or successive § 2255 motion, the movant must receive certification from the appropriate Court of Appeals. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a movant must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court). Nothing in the record indicates that Mr. Salinas has obtained leave from the Ninth Circuit to file a second motion. Thus, this Court lacks jurisdiction to

consider the claims raised in Mr. Salinas' motion. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit).

With regard to a COA, this Court finds that Mr. Salinas has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court further finds that reasonable jurists would not find this Court's assessment of this case debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Accordingly, this Court DECLINES to issue a COA.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. CONSTRUES Mr. Salinas' § 2241 petition as a § 2255 motion;
2. DISMISSES Mr. Salinas' § 2255 motion for lack of jurisdiction; and
3. DECLINES to issue a COA.

IT IS SO ORDERED.

**Dated:**   March 14, 2013           /s/  Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE