UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL SALINAS,<br><br>    Defendant. | 1:08-cr-00338 LJO<br><br>**ORDER RE PURPORTED TENDER OF FINAL PAYMENT (DOC. 99).** |

Pursuant to a November 2, 2010 Judgment and Commitment, Defendant stands convicted on two counts of Armed Bank Robbery and two counts of Carrying a Firearm During a Crime of Violence. Doc. 71. He was sentenced to serve 411 months in prison, to pay a special assessment in the amount of $400.00, and to pay restitution in the amount of $165,715.00. *Id*. According to documents submitted by Defendant, the U.S. Department of Justice sent Defendant an Administrative Offset Notice on January 7, 2011, indicating that Defendant owed a total of $166,115.00, due immediately. Doc. 98 at 3. On January 5, 2016, Defendant sent a letter to this Court stating that his debt had been "discharged by an acceptance of a counter offer I made to the clerk of court," making reference to an attached $5.00 money order on which someone had written "For Case #1:08cr00388 … Final payment for full settlement and closure and unconditional discharge for any finds or sections or debt." Doc. 98. In this same filing, Defendant made reference to various definitions from contract law. *Id*. According to this Court's records, the Court did cash Defendant's $5.00 money order, which was deposited toward his $400.00 special penalty assessment.

On February 19, 2016, Defendant filed a Document entitled "Tender for Final Payment for Full Settlement, in which he again argues that his restitution debt was discharged by this Court's cashing of his $5 money order. Doc. 99. There is no authority that permits a Defendant to discharge a criminal penalty or criminal restitution order in this manner. A criminal penalty is a final judgment, not a negotiable instrument. This Court will not entertain further motions or filings from Defendant advancing this argument. Defendant owes more than $160,000.00 in restitution. Further discussion regarding the Defendant's attempt to play technical games with the Court fall into the category of the Latin phrase: "De minimis non curat lex."

IT IS SO ORDERED.

Dated:   **February 24, 2016**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE