# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 1:08-CR-0338-LJO-SKO |
| Plaintiff-Respondent, | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| v. | |
| **DANIEL SALINAS,** | |
| Defendant-Petitioner. | **ECF No. 103** |

## I. INTRODUCTION

Before the Court is Petitioner Michael Salinas' ("Petitioner," "Defendant," or "Salinas") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"). (ECF No. 103.) Petitioner filed an application for permission to file a second or successive § 2255 motion to the Ninth Circuit, with his motion attached, on June 23, 2016. (ECF No. 103.) The Ninth Circuit granted Petitioner's application for leave to file a second or successive § 2255 motion on March 21, 2017. (ECF No. 102.) On March 30, 2017, the Government filed its opposition. (ECF No. 105.) Petitioner filed a reply on April 28, 2017. (ECF No. 106.) Having considered the parties' briefing and the record in this case, the Court DENIES Petitioner's motion under § 2255.

## II. BACKGROUND

Salinas pled guilty, pursuant to a plea agreement, to ten counts of armed bank robbery in

1

violation of 18 U.S.C. § 2113(a) and (d) and ten counts of carrying a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1). (ECF No. 60.) On October 25, 2010, Petitioner was sentenced to a total term of 411 months imprisonment: 51 months for two of the counts of armed bank robbery, to be served concurrent with each other, 60 months on a § 924(c) count to be served consecutively, and 300 months on a second § 924(c) count to be served consecutively. (ECF No. 71.)

### III. LEGAL FRAMEWORK

**A. 28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

**B. *Johnson II* and *Welch***

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

2

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015) ("*Johnson II*"); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

In *Johnson II*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

The Supreme Court subsequently held that its decision in *Johnson II* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). "By striking down the residual clause for vagueness, [*Johnson II*] changed the substantive reach of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the [Act] punishes." *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. *See, e.g.*, *United States v. Heflin*, 195 F. Supp. 3d 1134 (E.D. Cal. 2016).

**C. Sentencing Pursuant to 18 U.S.C. § 924(c)(1)(A)**

Section 924(c)(1)(A) of title 18 of the U.S. Code provides, *inter alia*, that any person who in relation to any "crime of violence" uses or carries a firearm, shall in addition to the punishment provided for such "crime of violence," be sentenced to a term of imprisonment of not less than five years, to run consecutively with the punishment for the underlying "crime of violence." If a firearm is brandished in the course of committing the "crime of violence," the consecutive term of imprisonment shall be not less than seven years (84 months). 18 U.S.C. § 924(c)(1)(A)(ii). If a firearm is discharged, the consecutive term of imprisonment shall be not less than ten years. *Id.* § 924(c)(1)(C)(A)(iii).

For purposes of 18 U.S.C. § 924(c)(1)(A), a "crime of violence" is defined as an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts generally refer to the '(a)' clause of section 924(c)(3) as the 'force clause' and to the '(b)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, 153 F. Supp. 3d 906, 910 (N.D. Cal. 2016).

## IV. DISCUSSION

Petitioner challenges his sentence on the basis that armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) can no longer be deemed a qualifying "crime of violence" for purposes of § 924(c)(1) in light of the Supreme Court's decision in *Johnson II*. (ECF No. 103 at 2.) Although the residual clause in § 924(c)(3)(B) is not identical to the one struck down in *Johnson II*, Petitioner argues that it is very similar and therefore unconstitutionally vague. In response, the Government argues that Petitioner is not entitled to relief under 28 U.S.C. § 2255 because his conviction for federal armed bank robbery is categorically a crime of violence under the remaining "elements" or "force" clause of § 924(c)(3)(A). Therefore, his conviction and sentence under § 924(c)(1)(A) is not affected by the Supreme Court's

4

decisions in *Johnson II* and *Welch*. (ECF No. 105 at 4.)[1]

A. **Categorical Approach**

To determine whether an offense fits the definition of a "crime of violence," courts employ the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). A court applying the categorical approach must "determine whether the [offense] is categorically a 'crime of violence' by comparing the elements of the [offense] with the generic federal definition." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015) (internal citations omitted). Because the categorical approach is concerned only with what conduct the offense necessarily involves, the court "must presume that the [offense] rest[s] upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (internal quotation marks and alterations omitted). If the elements of the offense "criminalize a broader swath of conduct" than the conduct covered by the generic federal definition, the offense cannot qualify as a crime of violence, even if the particular facts underlying the defendant's own case might satisfy that definition. *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (internal quotation marks omitted).

B. **Armed Bank Robbery Is Categorically a Crime of Violence Under the Force Clause**

According to the Ninth Circuit, the elements of armed bank robbery are:

> (1) the defendant took money belonging to a bank, credit union, or savings and loan, (2) by using force and violence or intimidation, (3) the deposits of the institution were insured by the Federal Deposit Insurance Corporation ("FDIC"), and (4) in committing the offense, the defendant assaulted any person, or put in danger the life of any person by the use of a dangerous weapon.

*United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) (citing 18 U.S.C. § 2113(a) & (d)[2]). In

---

[1] The Government also argues that Salinas's motion is time-barred. Because the Court concludes that federal armed bank robbery is still categorically a crime of violence under the force clause of § 924(c)(3)(A) and therefore that Petitioner's motion is not affected by *Johnson II*, the Court need not address whether Petitioner's motion is time-barred.

5

*Wright*, the Ninth Circuit held that armed bank robbery under 18 U.S.C. § 2113 (a) and (d) qualifies as a crime of violence under the "force" clause of § 924(c)(3)(A). 215 F.3d at 1028. Because "a taking by force and violence, or by intimidation" is an element of armed bank robbery, it necessarily "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.*; *see also United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) ("[P]ersons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1."). Similarly, in *Selfa*, the court "defined 'intimidation' under § 2113(a) to mean 'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." 918 F.2d 749, 751 (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). The court then concluded that this definition met the requirement of a "threatened use of physical force" under an identical force clause in the Sentencing Guidelines. *Id.*

### 1. **<u>Armed Robbery Requires Threatened Violent Physical Force</u>**

Petitioner argues that *Wright* and *Selfa* have been undermined by subsequent Supreme Court and Ninth Circuit precedent, including *Johnson v. United States*, 130 S. Ct. 1265 (2010) ("*Johnson I*"), which held that a crime of violence requires "violent physical force." (ECF No. 103 at 4-6.) According to Petitioner, the taking of property through "intimidation" does not satisfy the requirement of "violent

---

[2] Section 2113(a) and (d) provide:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--

Shall be fined under this title or imprisoned not more than twenty years, or both.
. . .
(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

physical force" outlined in *Johnson I* because intimidation concerns the perception of the victim rather than the actions or intent of the defendant. (*Id.* at 5 (citing *United States v. Torres-Miguel*, 701 F.3d 165, 169 (4th Cir. 2012)). The Court disagrees. A taking by intimidation *necessarily* involves the *threat* to use violent force. *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) ("A taking 'by force and violence' entails the use of physical force. Likewise, a taking 'by intimidation' involves the threat to use such force."); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("There is no 'space' between 'bank robbery' and 'crime of violence' . . . because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery.").

Citing *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983), Petitioner argues that, "a simple demand for money from a bank teller alone will support a conviction for bank robbery through intimidation. (ECF No. 103 at 6.) However, in *Hopkins*, the court concluded that "the *threats* implicit in [defendant's] . . . demands for money provide sufficient evidence of intimidation to support the jury's verdict." *Id.* (emphasis added). The court also noted that the victim had testified that she felt "intimidated" and "frightened" during the robbery attempt. *Id. Hopkins* does not stand for the proposition that a "simple demand" for money supports a conviction for bank robbery through intimidation. The evidence in *Hopkins* shows that a reasonable person could conclude that the conduct was intimidating and that the victim was in fact intimidated and afraid for her safety. Moreover, *Selfa* considered the instruction that *Hopkins* used for intimidation – to "willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm" – and concluded that it satisfied the definition for a crime of violence under the force clause. 918 F.2d at 751. Supreme Court precedent requires Petitioner to present a "realistic probability, not a theoretical possibility" that a conviction under § 2113(a) & (d) could be sustained without demonstrating intentional threatened force. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Petitioner has not done so here.

### 2. **Armed Robbery Requires General Intent**

Petitioner further argues that armed bank robbery does not require the use of *intentional* violent

7

force, and therefore does not meet the *mens rea* requirement necessary to satisfy the force clause of § 924(c)(3). (ECF No. 103 at 8-9.) In *Leocal v. Ashcroft*, the Supreme Court held that a DUI was not a crime of violence because the offense could be committed through mere negligence. 543 U.S. 1, 9-10 (2004). The Ninth Circuit extended *Leocal's* holding, concluding that offenses that could be committed through mere recklessness also do not fit within the crime of violence umbrella. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006). Therefore, any crime that can be committed without intentional or willful conduct, (in other words, a crime that can be committed with mere negligence or recklessness), cannot constitute a crime of violence. *Id.*

Petitioner argues that § 2113 can be committed without the necessary *mens rea* by pointing out that a conviction can be sustained where the defendant did not have a *specific intent* to use intimidation. *See, e.g.*, *United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996); *United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993); *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005). Petitioner cites several cases where courts rejected the notion that a defendant had to have a *specific* intent to intimidate to be convicted of federal armed bank robbery in an attempt to show that § 2113 has a lesser intent requirement and therefore is not categorically a crime of violence.

Nevertheless, Petitioner's argument fails because federal courts, including the Supreme Court, have consistently held that a defendant cannot be convicted of taking property by intimidation if the defendant did not know that his actions were intimidating. *See Carter v. United States*, 530 U.S. 255, 268 (2000) (holding that § 2113 requires "proof of general intent—that is, that the defendant possessed knowledge with respect to the *actus reus* of the crime (here, *the taking of property of another by* force and violence or *intimidation*)") (emphasis altered); *see also McNeal*, 818 F.3d at 155 ("to secure a conviction of bank robbery 'by intimidation,' the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating"); *McBride*, 826 F.3d at 296 ("The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under

8

§ 2113(a) therefore involves the threat to use physical force"); *United States v. Torres*, No. 1:11-CR-0448-LJO-SKO, 2017 WL 431351, at *3-4 (E.D. Cal. Jan. 31, 2017) (same). Similarly, in *Selfa*, the Ninth Circuit explicitly held that a conviction under § 2113(a) requires *willful* conduct. 918 F.2d at 751.

Petitioner is correct that a conviction for federal armed bank robbery can be sustained without proof that the defendant had a *specific* intent to intimidate. However, a taking by intimidation requires sufficient "general intent" to satisfy the *mens rea* requirement of the force clause because it precludes conviction with a reckless or negligent state of mind. *Id.* Although there is some confusion in the case law regarding the meaning of the term "general intent," here it corresponds to knowledge, which requires higher degree of culpability than either recklessness or negligence.[3] *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (citing *Model Penal Code & Commentaries, supra,* § 2.02 cmt. at 233–34) ("The confusion between general and specific intent has been the catalyst for a movement to replace these categories with a hierarchy of four levels of culpable states of mind, defined with greater clarity: purpose, knowledge, recklessness and negligence. . . . In general, "purpose" corresponds to the concept of specific intent, while "knowledge" corresponds to general intent."). Section 2113 requires knowledge of the acts constituting the crime, including knowledge of a taking by force or intimidation. Section 2113 cannot be satisfied by mere negligence or recklessness, and therefore it satisfies the intent element for a crime of violence. *McNeal*, 818 F.3d at 155.

Recent Ninth Circuit cases decided after *Johnson I* affirm that federal armed robbery is a crime

---

[3] Petitioner cites *Woodrup*, 86 F.3d 359, for the proposition that bank robbery can be committed by recklessly or negligently engaging in intimidation. (ECF No. 106 at 6-7.) However, the Fourth Circuit later clarified in *McNeal*, that "[a] fair reading of *Woodrup* does not compel that interpretation." 818 F.3d at 155. The court noted that the question in *Woodrup* was whether bank robbery by intimidation requires a *specific* intent to intimidate. *Id.* The defendant clearly knew that his conduct was intimidating and thus the general intent requirement was satisfied. *Id.* As the *McNeal* court concluded, in *Woodrup* the court had, "no occasion to consider whether bank robbery requires general intent (i.e., knowledge) with respect to intimidation." *Id.* Likewise, the other cases cited by Defendant also conclude that federal armed bank robbery is a general intent crime that requires that a defendant have knowledge with respect to the acts constituting the crime. *Foppe*, 993 F.2d at 1451. ("[T]he jury can infer the requisite criminal intent from the fact that the defendant took the property of another by force and violence, or intimidation."). Petitioner's argument that the intent element of § 2113 does not match the minimum requisite intent for a crime of violence is therefore unavailing.

of violence under the force clause.[4] *See United States v. Steppes*, 651 F. App'x 697, 698 (9th Cir. 2016) (holding federal bank robbery under § 2113(a) is a crime of violence as defined by the identical force clause language in USSG § 4B1.2); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016), *as amended* (June 24, 2016) (holding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *Selfa*). In the period since the parties briefed this issue, the Ninth Circuit considered and rejected the argument Petitioner attempts to make here in an unpublished opinion. In *United States v. Cross*, the Ninth Circuit confirmed that *Wright* and *Selfa* remain good law, concluding that armed bank robbery in violation of § 2113 (a) & (d) constitutes a crime of violence under the "force" or "elements" clause. The court reasoned:

> Contrary to [defendant's] arguments that unarmed bank robbery does not require violent force or intentional conduct, "intimidation" under § 2113(a) requires the necessary level of violent physical force as defined by *Johnson v. United States*, 559 U.S. 133, 140, 143, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). Furthermore, as a general intent statute, conviction under § 2113(a) requires intentional use or threatened use of force and therefore does not conflict with *Leocal v. Ashcroft*, 543 U.S. 1, 8-11, 125 S. Ct. 377, 160 L.Ed.2d 271 (2004), or *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1123 (9th Cir. 2006) (en banc). *See Carter v. United States*, 530 U.S. 255, 268, 120 S. Ct. 2159, 147 L.Ed.2d 203 (2000) (holding that § 2113(a) "requir[es] proof of general intent" (emphasis omitted)). Accordingly, no "intervening higher authority" is "clearly irreconcilable" with *Selfa* and *Wright*, and those precedents are controlling here. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

---

[4] Additionally, this Court and other district courts in this circuit have likewise concluded that § 2113(a) & (d) are categorically crimes of violence under the elements clause of § 924(c). *See Torres*, 2017 WL 431351, at *3-4; *United States v. Savage*, No. LA CR 08-00258-VBF, 2017 WL 130008, at *36 (C.D. Cal. Jan. 12, 2017), *judgment entered*, No. LA CV 16-03864-VBF, 2017 WL 120691 (C.D. Cal. Jan. 12, 2017) ("a defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes merely threatened use of force is an element of every bank robbery" (internal quotation marks and citations omitted)); *Daniels v. United States*, Nos. 11-CR-470-H-2, 16-CV-1454-H, 2016 WL 6680038 (S.D. Cal. Nov. 14, 2016); *United States v. Abdul-Samad*, No. 10CR2792 WQH, 2016 WL 5118456, at *4 (S.D. Cal. Sept. 21, 2016); *United States v. Watson*, No. 14-00751-01 DKW, 2016 WL 866298, at *6-7 (D. Haw. Mar. 2, 2016); *United States v. Charles*, No. 3:06-CR-00026 JWS, 2016 WL 4515923, at *1 (D. Alaska Aug. 29, 2016). Other circuit courts have reached the same conclusion. *McNeal*, 818 F.3d at 153 ("[B]ank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3)."); *accord McBride*, 826 F.3d at 296 ("A taking by intimidation under § 2113(a) . . . involves the threat to use physical force."); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) ("[A] conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A)").

*United States v. Cross*, No. 15-50458, 2017 WL 2080282, at *1 (9th Cir. May 15, 2017). Although the *Cross* opinion is unpublished and therefore not precedential, 9th Cir. Rule 36-3(a), the Court is bound by *Selfa* and *Wright*, the holdings of which control this case. *See Hart v. Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority. . . has no choice but to follow it.") Therefore, bank robbery either by "force or violence" or by "intimidation" satisfies the requirement of § 924(c)(3)(A) that the underlying felony offense have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Selfa*, 918 F.2d at 751.

Section 2113(a) is a crime of violence under the force clause of § 924(c)(3)(A). Because bank robbery is a lesser-included offense of § 2113(d) armed bank robbery, armed bank robbery is also a crime of violence under the force clause. *McNeal*, 818 F.3d at 157. Therefore, Petitioner's sentence under § 924(c)(1)(A) was not imposed in violation of the Constitution or the laws of the United States. *Wright*, 215 F.3d at 1028. The Court **DENIES** Petitioner's § 2255 motion.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the denial of a § 2255 motion unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To obtain a certificate of appealability, Petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and citations omitted).

Because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

# VI. CONCLUSION AND ORDERS

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Daniel Salinas' Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 103) is **DENIED**. The Court **DECLINES** to issue Petitioner a certificate of appealability for this motion.

IT IS SO ORDERED.

Dated: **June 21, 2017**      **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE