**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:08-cr-00338 JLT |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) |
| v. | |
| DANIEL SALINAS, | (Doc. 113) |
| Defendant. | |

Daniel Salinas is a federal prisoner seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Docs. 113, 117.) He asserts that his unusually long sentence and rehabilitation are extraordinary and compelling reasons to reduce his sentence to time served. (*See* Doc. 117 at 1.) The government opposes the motion, (Doc. 118), and Defendant has filed a reply. (Doc. 119.) For the reasons set forth below, Defendant's motion is **GRANTED**.

**I.     Background**

On September 25, 2008, Defendant was charged by way of indictment with 10 counts of armed bank robbery or attempted armed bank robbery (Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19); and 10 counts of carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20). (Doc. 9.)

On the morning of trial, Defendant pled guilty to all 20 counts in the indictment. (Docs.

1

58, 60.) In exchange, the government moved to dismiss all but two counts of Armed Bank Robbery (Counts 11 and 19) and two counts of Carrying a Firearm During a Crime of Violence (Counts 12 and 20). (*See* Doc. 59 Hearing Tr. at 17-19, 27.) The motion was granted. (*See* Docs. 69, 71.)

In advance of sentencing, the probation officer prepared a Presentence Investigation Report. The PSR assigned a total offense level of 24 for Counts 11 and 19 and a criminal history score of 2. (PSR ¶¶ 40, 48.) This placed Defendant in criminal history category II and resulted in an advisory sentencing guideline range of 57 to 71 months, to be served consecutively to the terms imposed for Counts 12 and 20. (PSR ¶ 71.) Count 12 carried a mandatory minimum term of imprisonment of 60 months (5 years), to be served consecutively to any other term of imprisonment imposed. (PSR ¶ 69.) Count 20 carried a mandatory minimum of 300 months (25 years), also to be served consecutively to any other term. (PSR ¶ 70.)

At sentencing, the court found that Defendant's criminal history was overstated pursuant to U.S.S.G. § 4A1.3(b), and departed to criminal category history I, resulting in a guideline range of 51 to 63 months. (*See* Statement of Reasons at 2.) The court sentenced Defendant to 51 months on Counts 11 and 19, to be served concurrently; 60 months on Count 12, to be served consecutively to Counts 11 and 19; and 300 months on Count 20 to be served consecutively to Counts 11, 12, and 19, for a total term of 411 months (approximately 34.25 years). (Docs. 69, 71.) The Court also imposed a 60-month term of supervised release and ordered $165,715 in restitution. (*Id.*)

Defendant is currently incarcerated at the Federal Correctional Institution in Tucson, Arizona, with a projected release date of January 13, 2038. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Jan. 19, 2026). To date, he has served approximately 17 years of his sentence, not including good time credits. (*See* Doc. 117 at 5.)

## II.    Legal Standard

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of

conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 (FSA), a defendant, or the Director of the Bureau of Prisons on the defendant's behalf, may move for a sentence reduction in the district court. 18 U.S.C. § 3582(c)(1)(A). Upon such motion,

> district courts may reduce [a defendant's] term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) "extraordinary and compelling reasons" warrant a sentence reduction; (3) a sentence reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a).

*United States v. Chen*, 48 F.4th 1092, 1094-95 (9th Cir. 2022). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (citing *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021)). The defendant bears the burden of "establish[ing] his eligibility for compassionate release." *Wright*, 46 F.4th at 951.

**III.    Discussion and Analysis**

### A.    Administrative Exhaustion

Section 3582(c) permits a defendant to apply to a federal district court for a sentence modification only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Defendant claims, and the government confirms, that he submitted a request for compassionate release to the warden of his BOP institution on January 27, 2025, and that as of the filing, he had not received a response. (Doc. 113 at 5; Doc. 117 at 6; Doc. 118 at 3.) Therefore, the Court finds that Defendant has exhausted his administrative remedies. *See United States v. Portillo*, 2023 WL 5955999, at *1 (E.D. Cal. Sept. 13, 2023) (finding defendant met

3

exhaustion requirement because more than 30 days had elapsed since filing request with warden).

### B.    Extraordinary and Compelling Reasons

To be eligible for compassionate release, a defendant must show, and the Court must consider, "extraordinary and compelling reasons" according to the current version of the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13. *See United States v. Arcila*, 716 F. Supp. 3d 1052, 1055 (D. Or. 2024), *reconsideration denied*, 2024 WL 2048643 (D. Or. May 6, 2024); *see also United States v. Neal*, 2024 WL 1886476, at *2 n.2 (E.D. Cal. Apr. 30, 2024).[1] These include the defendant's medical circumstances, age and other related factors, family circumstances, victimization, unusually long sentence, and "other reasons." *See generally* U.S.S.G. § 1B1.13(b)(1)-(6) (Nov. 1, 2023).

#### 1.    Unusually long sentence

Defendant argues that changes in sentencing law—specifically, the effects of the First Step Act on 18 U.S.C. § 924(c) mandatory minimums—present "extraordinary and compelling reasons" to reduce his sentence under § 3582(c)(1)(A)(i). He seeks relief under § 1B1.13(b)(6) of the U.S. Sentencing Commission's current policy statement. U.S.S.G. § 1B1.13(b)(6) (Nov. 1, 2023).

Prior to the First Step Act, prosecutors could "stack" multiple § 924(c) counts, which resulted in first-time offenders being charged for both a first firearm offense—carrying a 5-year mandatory minimum sentence, if convicted—and a "second or subsequent" offense—carrying a mandatory 25-year[2] sentence, to be served consecutively—in the same indictment. *United States*

---

[1] Prior to the November 2023 amendments, the Ninth Circuit held that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). However, the Ninth Circuit recently held that in 2023, "having regained a quorum, the Commission revised § 1B1.13 to govern motions by a defendant." *United States v. Bryant*, 144 F.4th 1119, 1124 (9th Cir. 2025) (citing Notice, Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,256 (May 3, 2023)). "Now, courts are 'bound by' § 1B1.13 in deciding all compassionate release motions under § 3582(c)(1)(A)." *Id.* (citing *Chen*, 48 F.4th at 1098; *Concepcion v. United States*, 597 U.S. 481, 495 (2022)). The Court clarified that "*Aruda* has therefore been superseded to the extent that it sets out a different rule for motions filed by defendants after the effective date of the 2023 revisions to § 1B1.13." *Id.* n.1.

[2] In 1998, Congress increased the mandatory minimum sentence for a second or subsequent § 924(c) conviction from 20 years to 25 years. *Compare* 18 U.S.C. § 924 (1996) *with* 18 U.S.C. § 924 (1998); *see also United States v. Hungerford*, 465 F.3d 1113, 1119 (9th Cir. 2006) (Reinhardt, S., concurring) (noting that months after the Ninth

4

*v. Jones*, 482 F. Supp. 3d 969, 978 (N.D. Cal. 2020) (citing *Deal v. United States*, 508 U.S. 129, 132 (1993)). As such, a first-time offender convicted of two § 924(c) counts in a single indictment automatically faced a minimum sentence of 30 years.

This "stacking" practice—and the sentences that resulted, were met with resounding opposition. *See, e.g., United States v. Hungerford*, 465 F.3d 1113, 1118 (9th Cir. 2006) (Reinhardt, S., concurring) (characterizing 159-year sentence—almost all of which was attributable to § 924(c)—as "irrational, inhumane, and absurd" and "a predictable by-product of the cruel and unjust mandatory minimum sentencing scheme adopted by Congress"); *Hewitt v. United States*, 606 U.S. 419, 433-34 (2025) (noting that"[j]udges on the Federal Courts of Appeals ... 'join[ed] in the litany of criticisms directed towards' § 924(c)'s penalty regime for requiring the imposition of sentences that were 'out of this world'") (quoting *United States v. Hunter*, 770 F.3d 740, 746 (8th Cir. 2014)).

Section 403(a) of the First Step Act limited this highly contested practice by requiring the 25-year enhanced penalty only where a defendant is convicted of a § 924(c) offense after a previous § 924(c) conviction has become final. *See* First Step Act, Pub. L. 115-391, Title IV, § 403(a), 132 Stat 5194, 5221-22 (2018); *see also United States v. Bryant*, 144 F.4th 1119, 1130 (9th Cir. 2025) (clarifying that in light of § 403, "a first-time § 924(c) offender cannot receive the 25-year enhanced sentence, no matter how many § 924(c) convictions he accumulates in the same case"); *United States v. Voris*, 964 F.3d 864, 873 (9th Cir. 2020) (post-FSA, "the 25-year enhancement no longer applies when all of a defendant's § 924(c) convictions arise in the same proceeding").

Instead, multiple § 924(c) convictions charged in the same proceeding are subject only to 5-year (possess), 7-year (brandish), or 10-year (discharge) mandatory minimums—each to run consecutively—provided the defendant has no prior "final" § 924(c) conviction.[3] *See* 18 U.S.C.

---

Circuit imposed a 20-year mandatory minimum sentence in September 1998, "Congress amended § 924(c)(1) to mandate 25-year mandatory consecutive sentences for [second or subsequent § 924(c)] offenses"). The Court will limit its discussion to the 25-year mandatory minimum sentence, as this was the sentence required by § 924(c) when Defendant was sentenced.

[3] This is also provided the firearm is not a machine gun, destructive device, or is equipped with a silencer or muffler, in which case the mandatory minimum increases to 30 years. *See* 18 U.S.C. § 924(c)(1)(B)(ii).

§§ 924(c)(1)(A), (B). However, Congress did not make these changes retroactive. *See* First Step Act, Pub. L. 115-391, § 403(b), 132 Stat. 5222 (2018).

Nonetheless, the U.S. Sentencing Commission's current policy statement expressly contemplates consideration of certain non-retroactive changes in sentencing law as part of the "extraordinary and compelling" inquiry. As relevant here, the policy statement provides:

> Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).[4]

When examining a defendant's individualized circumstances, courts may consider the defendant's (1) criminal history; (2) age at the time of the offense; (3) current age; (4) amount of time served; (5) post-sentencing rehabilitation; and (6) "whether the § 924(c) mandatory minimum sentences composed the 'lion's share' of the defendant's sentence." *United States v. Crenshaw*, 2025 WL 618869, at *7 (E.D. Va. Feb. 26, 2025) (citing *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020)); *United States v. Smith*, 538 F. Supp. 3d 990, 1000 (E.D. Cal. 2021).

### 2.    Discussion

When Defendant was sentenced in 2010, he received a mandatory 5-year sentence for his first § 924(c) conviction (Count 12) and a mandatory consecutive 25-year sentence for his second § 924(c) conviction (Count 20). As a result, 30 years of Defendant's roughly 34-year

---

[4] Though the government concedes that the Court may consider changes in the law when determining whether to grant compassionate release, it cites case law that suggests the opposite. (*See* Doc. 118 at 6 (collecting cases).) None of the cited authority is binding on this Court, and it conflicts with both controlling Ninth Circuit precedent and the Sentencing Commission's applicable policy statement.

In *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022), the Ninth Circuit "join[ed] the First, Fourth, and Tenth circuits in concluding that district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)." In response to the resulting circuit split, the Sentencing Commission amended U.S.S.G. § 1B1.13, expressly authorizing consideration of nonretroactive changes in law under § 1B1.13(b)(6) and clarifying in § 1B1.13(c) that such changes otherwise may be considered only in determining the extent of a reduction. *See* Notice, Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 28258 (May 3, 2023).

sentence were attributable to stacked § 924(c) penalties. If sentenced today, Defendant would face a 5-year mandatory consecutive term on each § 924(c) count, which would likely reduce his sentence by 20 years. Defendant asks the Court to find that this disparity constitutes an extraordinary and compelling reason to reduce his sentence under § 3582.

The government does not dispute that Defendant satisfies the threshold requirements of U.S.S.G. § 1B1.13(b)(6), including that his 411-month sentence is unusually long, that he has served more than 10 years of that sentence, and that the 20-year disparity between the sentence imposed and the sentence likely to be imposed today is gross. (*See generally* Doc. 118.)[5] The Court agrees.

Courts applying § 1B1.13(b)(6) have found comparable sentences driven primarily by stacked § 924(c) penalties to be "unusually long" and similar sentencing disparities to be "gross." *See, e.g., United States v. Thomas*, 2025 WL 918255, at *9 (D. Ariz. Mar. 26, 2025) (finding stacked § 924(c) sentence "unusually long" and 18-year disparity created by post-First Step Act § 924(c) sentencing constituted "gross" disparity under § 1B1.13(b)(6)); *United States v. Lewis*, 2024 WL 4643948, at *3 (M.D. Fla. Oct. 31, 2024), reconsideration denied, 2024 WL 5057771 (M.D. Fla. Dec. 10, 2024) (finding 35-year sentence "unusually long" and 20-year disparity "gross"); *United States v. Aguon*, 2025 WL 440115, at *6 (W.D. Ky. Feb. 7, 2025) (same with respect to 36.5-year sentence).

This disparity, together with the change in § 924(c) sentencing law, Defendant's 17 years of completed custody, his minimal criminal history, and his record of rehabilitation,[6] supports the conclusion that extraordinary and compelling reasons warrant a reduction. 18 U.S.C.

---

[5] Instead, the government asserts that "[Defendant's] argument about how such changes affect him is offset by the crime spree he embarked on and the emotional damage he inflicted on his victims." (Doc. 118 at 6.) To the extent the government advances this argument within the context of a § 3553(a) analysis, the Court addresses it below.

[6] During his 17 years of imprisonment, Defendant has completed the Bureau of Prisons' Gang Disassociation Program, earned his GED, completed multiple drug-education and vocational programs, and is currently pursuing a certificate through Pima Community College with a 4.0 GPA. (*See* Doc. 117 at 12-14.) He has remained discipline-free for several years, has no history of drug or alcohol abuse while in custody, and has "served his time in prison without violence." (*See id.* at 15.) Defendant has also submitted numerous letters of support from family members and program administrators attesting to his rehabilitation, accountability, and readiness to reenter the community, as well as a letter expressing remorse. (*See* Docs. 117-1, 117-2, 119-1.)

§ 3582(c)(1)(A); U.S.S.G. § 1B1.13(b)(6).[7]

### C.    § 3553(a) Sentencing Factors

Even where extraordinary and compelling reasons are present, the Court must ensure that any reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a) and that the sentence remains "sufficient, but not greater than necessary" to achieve the purposes of sentencing. 18 U.S.C. § 3553(a); *Chen*, 48 F.4th at 1095.

Defendant is currently serving a 411-month sentence for two, armed bank robberies he committed in 2008. The government correctly notes that Defendant's offenses were serious and involved the use of a firearm, and the Court does not minimize the fear and emotional distress suffered by the victims. At the same time, Defendant has now served approximately 17 years—more than half of his original sentence—a period that reflects the seriousness of the offense, provides just punishment, and affords substantial deterrence.

Defendant had a minimal criminal record at the time of sentencing, a fact the sentencing judge acknowledged by departing downward after finding that the PSR overstated his criminal history. Since his incarceration, Defendant has avoided violent disciplinary infractions, demonstrated sustained rehabilitation, and taken meaningful steps toward education and self-improvement. His institutional conduct, viewed over nearly two decades, reflects a significant departure from the behavior underlying his offenses. (*See* Doc. 117 at 12-15; Docs. 117-1, 117-2, 119-1.)

If sentenced today, Defendant's sentence would likely fall between 171 and 191 months, depending on the sentence imposed for the underlying robbery counts—both ranges exceeding the time Defendant has already served. His time served also exceeds the average (168 months) and median (144 months) terms imposed on similarly situated defendants, according to Judiciary Sentencing Information data. *See* U.S. Sentencing Comm'n, Judiciary Sentencing Information, https://jsin.ussc.gov (last visited Jan. 18, 2026).

Finally, granting relief would promote respect for the law in light of Congress's

---

[7] Because the Court finds that Defendant has established an extraordinary and compelling reason under § 1B1.13(b)(6), it does not address Defendant's arguments under § 1B1.13(b)(5). (*See* Doc. 117 at 12-14.)

clarification that it did not intend stacked § 924(c) penalties to apply to first-time offenders such as Defendant. As one court in this circuit has observed,

> In the [First Step] Act, Congress importantly clarified that the § 924(c) sentence stacking was not intended to apply to first-time offenders, and instead, only to *repeat* offenders—that is, those who carry out an additional 924(c) crime after already being *convicted* of one. First Step Act, § 403(a). Otherwise, the law led courts to impose overly harsh, decades-long sentences for charges brought in a single indictment.

*United States v. Wells*, 2022 WL 1720987, at *2 (D. Nev. May 27, 2022) (emphasis in original).

On balance, the Court finds that Defendant's conduct over the past 17 years, including his rehabilitation and limited disciplinary record, "are a better gauge of Defendant's current characteristics" than his conduct over a 4-month period nearly two decades ago. *United States v. Crenshaw*, 2025 WL 618869, at *11 (E.D. Va. Feb. 26, 2025). Thus, a reduction to time served appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence. 18 U.S.C. § 3553(a).

**IV.     Conclusion and Order**

Having considered the totality of the record, the Court finds that Defendant's grossly disparate custodial sentence presents an extraordinary and compelling reason to reduce his term of imprisonment. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a). Thus, the Court **ORDERS**:

1. Defendant Daniel Salinas' motion for a reduction in sentence (Doc. 113) is **GRANTED**.

2. The Court modifies Defendant's previously imposed custodial sentence of 411 months to a term of **time served**, which is delayed until the expiration of 10 days from the date of the amended judgment issues.

3. All other terms and provisions of the original judgment shall remain in effect.

4. The Clerk of Court shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

5. Defendant shall report to the United States Probation Office within **72 hours** of

his release from the Bureau of Prisons.

IT IS SO ORDERED.

Dated:   **January 21, 2026**

_____
UNITED STATES DISTRICT JUDGE